[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12218

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01086-CV-N

UNITED STATES OF AMERICA,

Plaintiff-
Counter-Defendant-
Appellee,

versus

EIGHTY THOUSAND SIX HUNDRED THIRTY-THREE DOLLARS,
$80,633.00 in United States Currency,
FOUR THOUSAND EIGHT HUNDRED SEVENTY-EIGHT DOLLARS,
$4,878.00 in United States Currency,
THIRTY-SIX THOUSAND FIVE HUNDRED DOLLARS,
$36,500.00 in United States Currency,

Defendants-Appellants,

MICHAEL COLEMAN,
JACQUARD MERRITT,

Claimants-
Counter-Claimants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 7, 2009)

Before CARNES and PRYOR, Circuit Judges, and STAGG[*], District Judge.

PER CURIAM:

This an appeal from the district court's judgment forfeiting a total of $122,011.00 in currency found on and in the possession of the two claimants, Jacquard Merritt and Michael Coleman, when they attempted to board a flight at the Montgomery Regional Airport. The claimants raise a host of issues concerning the validity of the searches and the seizure of the currency. They also contend that the government failed to prove by a preponderance of the evidence that the currency was subject to forfeiture under 21 U.S.C. § 881(a)(6) as having been "furnished or intended to be furnished by any person in exchange for a controlled substance" or as "proceeds traceable to such an exchange," or as having been "used to facilitate any violation of" the drug laws.

Our consideration of the issues in this case has been materially aided by the district court's thorough and well-reasoned memorandum opinions and orders of

_____

[*]Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

February 6, 2007 denying the claimants' motion to suppress evidence of the seized currency, and of April 21, 2008 finding that the government had sustained its burden of proving that the seized currency was subject to forfeiture. We have nothing to add to the reasoning of those two opinions and orders and for the reasons set out in them affirm the judgment of the district court.[1]

---

[1]This case was initially set for oral argument but was removed from the oral argument calendar by unanimous consent of the panel under 11th Cir. R. 34-3(f).